[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 431.]

THE STATE EX REL. ROBINSON, APPELLANT, *v.* CUYAHOGA COUNTY COMMON PLEAS COURT, APPELLEE.

[Cite as State ex rel. Robinson v. Cuyahoga Cty. Court of Common Pleas, 1996-Ohio-212.]

*Mandamus to compel common pleas court to vacate its order appointing a guardian ad litem for relator—Writ denied where adequate remedy at law exists.*

(No. 95-2110—Submitted February 20, 1996—Decided April 17, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69476.

———————————

{¶ 1} Lewis G. Robinson appeals from a decision of the Court of Appeals for Cuyahoga County dismissing his August 25, 1995 complaint for a writ of mandamus. The complaint sought to require the Cuyahoga County Court of Common Pleas to vacate its order of January 26, 1990 in which it appointed a guardian *ad litem* for Robinson.

{¶ 2} In dismissing Robinson's complaint, the court of appeals found that since a court of common pleas has jurisdiction to appoint a guardian *ad litem,* a writ of mandamus will not lie to compel vacation of the appointment order and the appropriate remedy for Robinson was by an appeal.

{¶ 3} The cause is now before this court upon an appeal as of right.

———————————

*Lewis G. Robinson, pro se*.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Gregory B. Rowinski*, Assistant Prosecuting Attorney, for appellee.

———————————

*Per Curiam*.

{¶ 4} We agree with the court of appeals. Since *Sturges v. Longworth* (1853), 1 Ohio St. 544, we have approved of a court of common pleas' appointing a guardian *ad litem*, literally a guardian for the case, who has no duties prior to the institution of a suit or after its termination but whose sole duty is to defend in a particular cause. Civ.R. 17(B) authorizes a court, as incident to its power to try a case, to order the appointment of a guardian *ad litem*. Robinson's remedy was appeal from that order. Mandamus will not issue where, as here, there was an adequate remedy at law.

{¶ 5} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____